Curia, per

Whitner, J.
From the divisions which exist amongst my brethren as to the proper grounds on which to rest our judgment, I presume I am expected in this case to do little else than announce the result,
*577 The very full report, of the presiding Judge, of the facts, and the precise ruling on the Circuit, as to each point now made in the grounds of appeal, obviate a recurrence by way of re-stater ment.
There has certainly been no want of adroitness in conducting this defence, and counsel has succeeded in securing the consideration of every circumstance connected with the case. His client, upon the merits, has not been hardly dealt with by the verdict, in the opinion, perhaps, of each member of this Court.
Hence, his objections being as to form, it may not constitute any cause of discontent, even if, under the lead of able jurists of other times, we should not be disposed to look with eagle’s eyes in applying the evidence, but rather acquiesce in a verdict for damages so well deserved.
The motion for non-suit, is founded on objection taken to the' form of action,, whether it should be trespass vi et armis, or trespass on the.case. Although these actions are as well distinguished in principle as most others, it is equally true they are often concurrent remedies, and the line of separation is not un-frequently nice and wire-drawn.
The solid distinctions recognized in every law book on the subject, lead to inquiries, as to whether there was force, and force directly applied, and whether the injury was immediate, or mediate and consequential.
Again, where a trespass has been committed, it is clear .that, if consequential damages have resulted, the trespass may be waived, and case brought; and so, too, if the damages are consequential only, then case must be brought. Reynolds vs. Clark, (Ld. Raym. 1399); Howard vs. Banks, (2 Burr. 1114).
It is conceded, that whenever an injury to a person is occasioned by regular process of a Court having competent jurisdiction, if maliciously adopted, the remedy is in case. Some of us are well satisfied the form of action here pursued may be sustained on this principle — that notwithstanding the criticism of the Act of 1788, found in 7th Stat. 430, the magistrate might issue his warrant, and authorize the detention of the slave as a *578 runaway, on the information of another; that this has been the construction long given, appears from the almost universal usage of the country, certainly extending back to the publication of James’s Digest, and, it may be inferred, to a far more distant point, by his adoption of a form for the use of magistrates in such cases.
If the proceeding be malicious and unfounded, though it were instituted by a Court not having jurisdiciion, case may be supported or trespass. (1 Chitty, 133; 2 Wils. 302.)
But on the other hand it is urged, that if the proceeding complained of was irregular, the remedy in general must be trespass. On this point, reference may be had to the authorities in 1 Chitty, 133, from which it will be seen, nothing very definite can be had as to this case.
The magistrate, it is insisted, had no authority; that, in fact, the law had dispensed with its exercise, by authorizing all persons to arrest runaway slaves, and although required to carry them before magistrates, it was in fact for a different purpose. Yet this was done. The requirement of the Act was substantially complied with, the certificate of the magistrate necessary to the consummation of the end,-defendant obtained; and to this extent, the perpetration of the injury was effected through this form of process, so far regular and authorized.
But if this entire view falls to the ground, other members of this Court are satisfied that this distinction cannot avail this defendant. If without warrant he was authorized to arrest the slave by law as a runaway, if this provision of law is perverted and abused by him, and his conduct has been malicious, in what is he better as to the objection raised ? The Act of the General Assembly investing him with a discretion but substituted that mode of proceeding for another, usual in ordinary cases where the right of capture and detention of the person is set up. The resort to process, in cases allowed, fraudulently and maliciously, will not shield the delinquent when pursued with this remedy. Analogous to it, may be regarded a like abuse of the Act of the Legislature.
*579 At this point it may be proper to dispose of the objection made in the argument, to the defect of proof on the part of the plain-tiif, as to the proceedings by the magistrate. These were alleged, and as plaintiff was proceeding to adduce the warrant and commitment, objection was made by defendant. The former was received, but the objection was sustained as to the latter. Although we are all, including the presiding Judge, of opinion that the proof should have been permitted, and the paper received ; so, too, we are all of opinion at this stage the defendant can take nothing by this supposed chasm. His objection did not involve a denial of the fact, but the contrary. He sought shelter from its effect, and if, from over tenderness to him, at his instance, the fact was shut out, and the shield interposed, we cannot shut our eyes to the wrong that would now be perpetrated by permitting the defendant to convert this shield into an engine of injury. The plaintiff should not hence be turned out of Court, or even delayed in the enforcement of his verdict.
We are satisfied with the ruling of the Judge, as to the right of the party to the reply on the facts stated.
As to the instructions of the Judge respecting damages, it is proper to remark, that on the Circuit it would seem, as well by the report, as from the ground taken, being the 2d, the objection pointed rather to the “ liberty of the jury to render a verdict for vindictive damages ” “ in an action on the case for consequential damages,” &c.
We are all satisfied with the instructions on the general proposition made.
Before this Court, however, the certified copy of the declaration is laid, and the more specious ground taken, that, because of the form adopted, of alleging the injuries, the plaintiff should have been confined to the special damage laid and proved. On this point there is some slight division amongst us — a majority are entirely satisfied with the instructions, as applicable to the case made by the proof, and set out in plaintiff’s declaration. If in this form of action, and by any form of allegation, it be conceded that, on the proof, or for such an injury, vindictive dam *580 ages could ever be recovered, any special pleader might find it difficult to amplify in any substantial or material point. The unjust and malicious purpose and conduct of defendant — its annoyance to his feelings — luis deprivation thereby of the general labor, service, &c. of his slave, connected with an allegation of special damage, because of certain expenses to which he was thereby subjected, stating a sum, wherefore he had sustained damage to a larger amount, are fully and quite sufficiently set forth, to authorize the liberty of covering, by a verdict, general and special damages. I refer to 1 Tidd, 399; 2 Green. Ev. 250-285; 1 Chitty, 396, and the forms of approved pleaders generally.
The views here attempted, are deemed sufficient vindication of the judgment of the Court for present purposes. The divisions, at first alluded to, as to the different grounds, may prevent much else being settled than the case itself; and hence, I have been content with a very general statement of conclusions, without any very special reference to authorities.
The motions for non-suit and new trial are dismissed.
Evans and Withers, JJ., concurred.